737 P.2d 396

**The STATE of Arizona, Appellee,**

v.

**Danny Lyle FIGUEROA, Appellant.**

**No. 2 CA–CR 4448.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 13, 1987.

Review Denied May 27, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Georgia B. Ellexson, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by John Seamon, Tucson, for appellant.

### OPINION

HOWARD, Presiding Judge.

Appellant Danny Lyle Figueroa and two co-defendants were arrested and charged with unlawful possession of marijuana for sale and unlawful sale of marijuana. Appellant was convicted on both charges and

sentenced to four years' imprisonment on the first conviction and seven years on the second conviction, the sentences to run concurrently. Appellant appeals from his conviction on the charge of unlawful sale of marijuana, claiming: (1) that the trial court improperly instructed the jury on the crime of, and non-defenses to, conspiracy, and the prosecutor's closing argument improperly presented a conspiracy theory, even though appellant was not charged with the crime of conspiracy; and (2) the jury instructions and prosecutor's closing argument regarding an offer to sell marijuana were improper because the jury was invited to convict appellant of a crime not charged. We affirm.

Appellant relies heavily on *State v. Martin*, 139 Ariz. 466, 679 P.2d 489 (1984), for the proposition that reversible error exists if the prosecution argues a theory of guilt based on acts not charged and the defendant is convicted. Appellant's reading of *Martin* is correct, but *Martin* is not applicable here. In *Martin*, the defendant was convicted after the prosecutor argued an alternate theory of culpability, i.e., that defendant could be convicted of a cocaine sale to his co-defendant even though the indictment only contemplated a sale to a third party. The indictment in *Martin* charged that "defendant *and* [co-defendant] had sold the cocaine...." 139 Ariz. at 471, 679 P.2d at 494. The Arizona Supreme Court said:

> "This allowed the prosecutor to argue to the jury that a verdict of guilty could be returned even if that verdict were based on a transaction with which the defendant had not been charged." 139 Ariz. at 472, 679 P.2d at 495.

The court held that "[c]onviction upon a charge not made would be sheer denial of due process," citing *DeJonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278, 282 (1937).

■ Appellant Figueroa was not charged with conspiracy, yet the trial court instructed the jury on the crime of conspiracy, and the non-defenses to conspiracy. Further, the prosecutor, in his closing argument, discussed the same matter. How-

ever, the references to conspiracy were only included in the closing argument and jury instructions for the limited purpose of allowing the jury to consider statements made by each defendant against the others. This limitation was, in fact, part of the instruction:

> "A person commits conspiracy if, with the intent to promote or aid the commission of an offense, such person agrees with one or more persons that at least one of them or another person will engage in conduct constituting the offense and one of the parties commits an overt act in furtherance of the offense.
>
> *Statements of conspirators made out of the presence of a defendant are not to be considered as evidence against the defendant unless* you find beyond a reasonable doubt that, first, there was a conspiracy in existence; second, that the defendant was a member of this conspiracy, even though he joined the conspiracy after the statement was made; third, that the statements were made during the conspiracy; and fourth, that the statements were in furtherance of this conspiracy.
>
> It's not a defense to conspiracy that a person with whom the defendant conspired could not be guilty of committing the offense because such person is legally incapable in an individual capacity of committing the offense." (Emphasis added.)

In Arizona, the crime of conspiracy need not be charged before evidence of a conspiracy can be admitted. *State v. Baumann*, 125 Ariz. 404, 610 P.2d 38 (1980); *State v. Skinner*, 110 Ariz. 135, 515 P.2d 880 (1973). There was no error.

■ Appellant next argues that the trial court should not have instructed the jury, nor permitted the prosecutor to argue, concerning an offer to sell, because the indictment contemplated only a completed sale. *Martin* is again relied on by appellant to support his challenge. Once again, however, *Martin* is distinguishable. The alternate theory improperly offered by the prosecution in *Martin* related to a separate transaction.

A.R.S. § 13–3405, the statute under which appellant was charged, states in pertinent part:

"A. A person shall not knowingly:

\* \* \* \* \* \*

3. Transport, import into this state, sell, transfer or offer to transport, import into this state, sell or transfer marijuana."

A sale necessarily includes an offer to sell. Defendant, having been charged under A.R.S. § 13–3405(A)(3), had adequate notice of the crime charged. There was no error.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.